**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Dean Garrett, Jr., | No. CV-20-00203-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| J. Villarreal, | |
| Defendant. | |

Plaintiff Larry Dean Garrett, Jr. ("Plaintiff"), who is confined in the United States Penitentiary in Tucson, Arizona, (USP-Tucson) filed this pro se civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In an August 4, 2021 Order, the Court determined that Plaintiff stated an Eighth Amendment claim in Count One against Defendant Villarreal, ordered service on Villarreal, and required Villarreal to respond to the Second Amended Complaint. (Doc. 34.) On March 10, 2022, the Court ordered the Clerk of the Court to file the Defendant's lodged Pre-Answer Motion for Summary Judgment and Defendant's Statement of Facts. (*See* Doc. 50.) The Court also ordered Plaintiff to file his response to Defendant's Motion for Summary Judgment, together with supporting affidavits or other appropriate exhibits and a separate Statement of Facts, within thirty (30) days. (*See id.*)

Before the Court are Plaintiff's Villarreal's Motion for Extension of Time (Doc. 54) and Motion for an Extension of Time to File a Response and Motion for Issuance of

1  Subpoena (Doc. 43). Defendant did not respond to or otherwise object to either motion.

2  The Court considers each in turn.

3  **I.      Motion for Extension of Time (Doc. 43)**

4  Plaintiff moves for an extension of time to submit an opposition to Defendant's

5  motion for summary judgment for failure to exhaust available administrative remedies. In

6  light of the pending Motion for Issuance of Subpoena, and the lack of Defendant's

7  objection, the Court construes Plaintiff's motion for extension of time as supported by good

8  cause for the requested relief. The Court notes, however, that the Defendant's motion for

9  summary judgment has been pending since December 2021, and as such the Court will

10  provide Plaintiff an extension of thirty (30) days rather than the forty-five (45) days that he

11  seeks. Plaintiff is warned that any future extensions must be supported by good cause and

12  filed before the expiration of the deadline. Plaintiff is further warned that the failure to file

13  an opposition to Defendant's motion for summary judgment may be deemed a waiver of

14  any opposition to the granting of the motion and may result in the imposition of sanctions.

15  Plaintiff's Motion for Extension of Time (Doc. 54) is **GRANTED IN PART**.

16  **II.      Motion for Issuance of Subpoena (Doc. 43)**

17  Plaintiff also moves for the issuance of subpoena; specifically, he requests: "[a]ny

18  and all electronic correspondences sent to this Department regarding [Defendant's] sexual

19  misconduct reported by Plaintiff Larry Dean Garrett #34790-001 by use of TRULINKS

20  messaging system, between the months of January and May of 2021." (Doc. 43-1.)

21  The Court is vested with broad discretion to manage discovery. *Dichter-Mad Family*

22  *Partners, LLP v. U.S.*, 709 F.3d 749, 751 (9th Cir. 2013) (per curiam), *cert. denied*, 134

23  S.Ct. 117 (2013); *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.

24  2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The propriety of delaying

25  discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion

26  was explicitly recognized by the Ninth Circuit. *Albino v. Baca*, 747 F.3d 1162, 1170-71

27  (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014).

28  The failure to exhaust is an affirmative defense, and Defendant is entitled to

1    judgment on Plaintiff's claims against them if the Court determines the claims are

2    unexhausted. *Albino*, 747 F.3d at 1166. Thus, the pending exhaustion motion has the

3    potential to bring final resolution to this action, obviating the need for merits-based

4    discovery. *See Gibbs v. Carson*, No. C-13-0860 THE (PR), 2014 WL 172187, at *3 (N.D.

5    Cal. Jan. 15, 2014). In *Albino*, the Ninth Circuit recognized that "[e]xhaustion should be

6    decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery

7    directed to the merits of the suit" should be left until later. *Albino*, 747 F.3d at 1170. To the

8    extent that the non-moving party needs specific discovery to address issues raised in a

9    dispositive motion, the non-moving party is entitled to seek redress. Fed. R. Civ. P. 56(d);

10   *Albino*, 747 F.3d at 1170-71.

11          Here, Plaintiff has already attached emails from the TRULINKS messaging system

12   to his SAC from the period between January 2021 and May 2021. (*See* Doc. 33 at 11 (email

13   dated January 22, 2021); Doc. 33 at 15 (email dated January 25, 2021); Doc. 33 at 13 (email

14   dated January 29, 2021); Doc. 33 at 4 (email dated March 15, 2021); Doc. 33 at 14 (email

15   dated April 11, 2021); Doc. 33 at 12 (email dated April 25, 2021); Doc. 33 at 4 (email dated

16   March 15, 2021).)  Plaintiff makes no showing that in order to oppose the exhaustion

17   motion, he needs specific discovery that (1) is relevant to the issue of exhaustion and (2)

18   he reasonably believes exists. Plaintiff's opposition merely indicates a blanket desire to

19   engage in discovery. As such, Plaintiff's Motion for an Extension of Time to File a

20   Response and Motion for Issuance of Subpoena (Doc. 43) is **DENIED WITHOUT**

21   **PREJUDICE**.

22

23

24

25

26

27

28   **...**

**III.    Order**

Accordingly,

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Extension of Time (Doc. 54). Plaintiff must file a response to Defendant's Motion for Summary Judgment, together with supporting affidavits or other appropriate exhibits and a separate Statement of Facts, no later than **thirty (30)** days from the date of this Order. Defendant may file a reply within fifteen (15) days after service of Plaintiff's response. The Motion for Summary Judgment will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED DENYING WITHOUT PREJUDICE** Plaintiff's Motion for an Extension of Time to File a Response and Motion for Issuance of Subpoena (Doc. 43)**.**

Dated this 13th day of April, 2022.

_____
Honorable John C. Hinderaker
United States District Judge