**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Dean Garrett, Jr., | No. CV-20-00203-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| J. Villarreal, | |
| Defendant. | |

Before the Court is Plaintiff Larry Dean Garrett, Jr.'s Motion for Reconsideration ("Motion"). (Doc. 68.) In his Motion, Plaintiff asserts that the Court should reconsider its October 19, 2022 Order, (Doc. 65), because he did not have the opportunity to respond. (Doc. 68 at 1.) For the reasons stated below, the Motion is granted in part and denied in part.[1]

**I.  Background**

Plaintiff, who is currently confined in the United States Penitentiary (USP) - Tucson, brought this pro se civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 32.) On August 24, 2021, the Court screened Plaintiff's Second Amended Complaint ("SAC"). (Doc. 34.) In so doing, the Court considered whether a *Bivens* cause of action existed for the type of claim for which Plaintiff sought relief. (*Id.* at 4.) Citing caselaw from

---

[1] Defendant did not file a Response. *See* LRCiv. 7.2(g) ("No response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court, but no motion for reconsideration may be granted unless the Court provides an opportunity for response.")

this circuit and others, the Court could "not conclude, at this stage, that this claim necessarily arises in a new context." (*Id.* at 5–6.) The Court determined that Plaintiff asserted an Eighth Amendment claim for sexual harassment and humiliation and ordered Defendant Jamie Villarreal ("Defendant") to answer the SAC. (*Id.*)

On March 9, 2022, Defendant filed a Motion for Summary Judgment alleging that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act. (*See generally*, Doc. 48.) On September 9, 2022, following briefing, the Court denied summary judgment, determined there is a question of fact whether Plaintiff had an available administrative remedy, and granted Defendant leave to request an evidentiary hearing on exhaustion. (*See* Doc. 65.) In the interim, Defendant requested leave to file supplemental briefing and argued that this Court should consider whether *Egbert v. Boule*, 142 S. Ct. 1793 (2022), is dispositive before proceeding with an evidentiary hearing on exhaustion. (Doc. 67.) Plaintiff's response was due on October 17, 2022. The Court granted Defendant's Motion on October 19, 2022, noting that "Plaintiff did not object or otherwise respond to the Motion." (*Id.*) On October 31, 2022, the Clerk docketed Plaintiff's Motion.[2] (Doc. 68.)

**II.     Motion for Reconsideration**

Motions for reconsideration are governed by Federal Rules of Civil Procedure 59(e) or Rule 60(b). Under Rule 59(e), a court may alter or amend a judgment where the court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). On the other hand, Rule 60(b) provides for relief from a final judgment, order, or proceeding upon a showing of the following:

> (1) *mistake, inadvertence, surprise, or excusable neglect*; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic

---

[2] The Motion was received by the Court via United States Postal Service and was entered into the Court's docket on October 31, 2022.

>or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (emphasis added).

In his Motion, Plaintiff asserts that under the "mailbox rule," the date Plaintiff delivered his Response to prison authorities for mailing is the date the document was filed. (Doc. 68) (citing *Houston v. Lack*, 487 U.S. 266, 275–276 (1988)). Plaintiff argues that his Response was delivered to a "Tucson prison mailroom staff member" on or about October 5, 2022, and on October 20, 2022, the date he received the Court's ruling, he became aware that his Response was not received by the Court. (*Id.* at 1.) Plaintiff contends that he attempted to follow-up on his filing and requested a "'legal' call [with] his counselor (Ruiz) to speak directly with the Clerk and handle other legal matters to see if his motion had been filed." (*Id.*) In support of his Motion, Plaintiff attaches an affidavit from Orin Kristich, an inmate who "observed [Plainitff] placed [sic] his [Response] in an envelope to be mailed" on October 5, 2022. (*See id.*)

The Court will consider the Response because doing so will not prejudice Defendant, no delay will result, and Plaintiff did not act in bad faith. Moreover, Plaintiff has provided a plausible explanation regarding his delayed Response. Therefore, the Court grants Plaintiff's Motion to the extent that the Court will consider the Response.

**III.   Defendant's Motion for Supplemental Briefing**

After review, the Court affirms its Order dated October 19, 2022. (Doc. 67.) Defendant moved to file supplemental dispositive briefing following the United States Supreme Court's recent decision in *Egbert v. Boule*, 142 S.Ct. 1793 (2022). Defendant argued that (1) neither the Court's screening order nor Defendant have had an opportunity to consider *Egbert's* application to this case; and (2) because *Egbert* may be dispositive, resolution may render unnecessary an evidentiary hearing on exhaustion thus promoting judicial economy. (Doc. 66 at 2–3.) Plaintiff argues that this court must address exhaustion

*before* considering *Egbert's* application.

In his Response, Plaintiff asserts that this Court's September 12, 2022 Order denied summary judgment and directed Defendant to:

> 4) Within **20 days** of the date of this Order, Defendant must file a motion requesting the Court to set an evidentiary hearing as to exhaustion or a motion to withdraw the request to dismiss this case on exhaustion grounds.
>
> (5) If Defendant does not file an appropriate motion within **20 days**, this action will proceed on the merits, and Defendant must Answer Count One of the Second Amended Complaint.

(*See* Doc. 65 at 20.) By filing the motion for supplemental briefing, Plaintiff asserts that Defendant "circumvented the [September 12, 2022] Order … to resolve another issue outside of exhaustion." (Doc. 68.) Plaintiff cites *Albino v. Baca*, and seemingly argues that because exhaustion "is analogous to subject-matter jurisdiction, personal jurisdiction, venue, and abstention," it "should be decided as early as feasible." 747 F.3d 1162, 1170 (9th Cir. 2014).

A failure to exhaust administrative remedies in a prisoner civil rights case is a waivable defect, not jurisdictional. *Albino*, 747 F.3d at 1170 (9th Cir. 2014). Therefore, exhaustion "should be decided, *if feasible*, before reaching the merits of a prisoner's claim." (*Id.*) (emphasis added). Here, the Court determined that there is a question of fact whether Plaintiff had an available administrative remedy and denied Defendant's summary judgment motion as to exhaustion. (Doc. 65 at 10–15.) The Court provided Defendant leave to request an Evidentiary Hearing, where, if granted, Plaintiff will have to come forward with evidence, including testimony, to show the available administrative remedies were effectively unavailable to him. (*Id.*) Even if Plaintiff is successful at the Evidentiary Hearing, there remains a question of whether *Bivens* extends a cause of action to his remaining Eighth Amendment claim. It is incorrect that this Court must first resolve the waivable defect of exhaustion before considering the possible dismissal of Plaintiff's single claim under current Supreme Court precedent. The October 19, 2022 Order is affirmed.

///

## IV. Order

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Reconsideration. (Doc. 68.) The Motion is granted to the extent this Court considers Plaintiff's late-filed Response. The Motion is denied to the extent the Court affirms its October 19, 2022 Order. (*See* Doc. 67.)

**IT IS FURTHER ORDERED AFFIRMING** the Court's October 19, 2022 Order. Defendant has leave to file a Motion to Dismiss challenging Plaintiff's *Bivens* claim based upon the holding in *Egbert v. Boule*, 142 S.Ct. 1793 (2022), **due on or before November 19, 2022**; Plaintiff shall file a responsive brief within 30 days of service of Defendant's motion; and Defendant shall file a reply within 15 days of service of Plaintiff's responsive brief.

Dated this 14th day of November, 2022.

_____
Honorable John C. Hinderaker
United States District Judge